U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 6 2006

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## ALEXANDRIA DIVISION

FOREST C. MARTIN, SR.

CIVIL ACTION NO. 04-2010

-vs-

JUDGE DRELL

CITY OF ALEXANDRIA, ET AL.

## RULING

Before the court is a motion for partial summary judgment filed by defendants the City of Alexandria ("City") and Officer Michael Rennier ("Rennier") [Doc. #31]. The City sought dismissal of the claims for its alleged failure to train its officers properly and failure to institute and have available appropriate policies addressing the conduct of its officers. In addition, the City and Rennier moved to dismiss all claims for attorney's fees and punitive damages. The plaintiff, Forest C. Martin, Sr. ("Martin"), responded in opposition to the motion [Doc. #33], to which defendants have filed a reply [Doc. #42]. For the following reasons, the motion for partial summary judgment will be granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a traffic stop by Rennier of Martin's vehicle in the early morning hours of 10 May 2004. For a detailed discussion of the factual and procedural background of the case, see this court's memorandum ruling of 24

January 2005 [Doc. #23].

## **LEGAL STANDARDS**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." Anderson, 477 U.S. at 248. A dispute about a material fact is considered "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. (internal citation and quotation marks omitted).

In making its determination, the court must draw "all justifiable inferences" in favor of the nonmoving party. Id. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the nonmoving party must come forward, after adequate time for discovery, with specific facts showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Such evidence should create more than a "metaphysical doubt" about the material facts, Matsushita, 475 U.S. at 586, and should be more than a theoretical

2

possibility that the claim is good. <u>Pennington v. Vistron Corp.</u>, 876 F.2d 414, 426 (5th Cir. 1989).

The moving party need only point out the absence of evidence supporting the nonmoving party's case, and it "need not *negate* the elements of the nonmovant's case." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. <u>See</u> <u>Fontenot v. Upjohn Co.</u>, 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence – not argument, not facts in the complaint – will satisfy" the burden. <u>Solo Serve Corp. v. Westowne Assocs.</u>, 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." <u>Larry v. White</u>, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

## **DISCUSSION**

### I.    **Failure to Train Officers Properly**

The City argues that the claim for its alleged failure to train its officers properly must be dismissed because "[t]he affidavit of Sergeant Clifford Gatlin, of the Alexandria Police Department, establishes that the training provided to Rennier met or exceeded the standards of the Council on Peace Officers Standards and Training." Defs.' Mem. 5. The court, however, has simultaneously granted

3

Martin's motion to strike Exhibit One, containing the affidavit from Sergeant Clifford Gatlin and attached materials, as inadmissible hearsay. The City's motion for summary judgment on this claim rests on this exhibit. Accordingly, the motion for summary judgment with respect to Martin's claim against the City for failure to train its officers properly will be denied.

## II. Failure to Institute and Have Available Appropriate Policies Addressing the Conduct of Officers

Martin's complaint does not contain any factual detail regarding this claim. In his response to the motion for partial summary judgment, Martin does not directly respond with respect to this claim. Exhibit Two filed by the defendants contains an affidavit of Lieutenant June Murdock and a copy of the Alexandria Police Department Rules and Regulations Manual. Martin's response to this exhibit is to argue that these policies were not followed. Whether or not the policies were followed is irrelevant to whether or not the City instituted the policies and made them available. Based upon the evidence presented in Exhibit Two, the motion for summary judgment on this claim against the City will be granted.

## III. Attorney's Fees

A party seeking to recover attorney's fees may only do so pursuant to specific statutory or contractual authority. See Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994) (noting that courts follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority"); Gen.

<u>Motors Acceptance Corp. v. Meyers</u>, 385 So. 2d 245, 247 (La. 1980) ("Generally, a successful litigant cannot recover attorney's fees except where authorized by statute or contract."). Martin points to no statutory or contractual basis under which he should be permitted to recover attorney's fees. In his response to the defendants' statement of uncontested facts, he states that he "has been employed by the Public Defender's Office of East Baton Rouge and is a Paralegal and Criminal Law Investigator." Pl.'s Resp. Statement of Uncontested Facts ¶ 12. He therefore argues that he "is allowed to recover paralegal fees." <u>Id.</u> ¶ 13. Martin cites to no legal authority for this proposition.

Pretermitting for the moment the scary notion that paralegals may charge "fees" in any event and the resulting argument that their doing so would constitute the practice of law, we note that *pro se* plaintiffs who are not attorneys cannot typically recover attorney's fees in federal court. <u>Kay v. Ehrler</u>, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement, however, on the proposition that a pro se litigant who is not a lawyer is not entitled to attorney's fees."). Martin is not a lawyer. The motion for summary judgment on the issue of attorney's fees will be granted. No recovery of attorney's fees by Martin will be permitted.

## IV.    Punitive Damages

Punitive damages are generally foreign to Louisiana law. Only in certain statutorily-defined circumstances can punitive damages be assessed for a violation of Louisiana law. <u>Killebrew v. Abbott Labs.</u>, 359 So. 2d. 1275, 1278 (La.

5

1978) ("[I]n Louisiana punitive damages are not allowable unless it be for some particular wrong for which a statute expressly authorizes the imposition of some such penalty."). Martin points to no such statutory basis in Louisiana law, but instead argues that some federal claims remain in his complaint.

Martin's current complaint, by his own admission in a prior pleading, does not contain any federal claims but rather only contains Louisiana causes of action. Pl.'s Mot. Remand 3 [Doc. #12]. "The allegations enumerated in Plaintiff's Petition for Damages, before and after the proposed amendments, are strictly of State Law Claims/Torts [sic], that the Ninth Judicial District State Court assigned is capable and well able of entertaining." Id. Martin apparently amended his complaint in an attempt to strip the federal court of jurisdiction. Having attempted such a maneuver, albeit unsuccessfully, Martin cannot now argue that his complaint still contains federal claims.

The only citation in Martin's response on the issue of punitive damages is Booze v. City of Alexandria, 637 So. 2d 91 (La. 1994). In Booze, the Louisiana Supreme Court held that in a § 1983 case in state court, punitive damages were recoverable. Id. at 92. As previously observed, however, Martin makes no § 1983 claim with this action. As such, his citation to Booze is unavailing. Thus, the defendants' motion for summary judgment on the issue of punitive damages will be granted. No such damages will be permitted.

6

## CONCLUSION

For the foregoing reasons, the motion for partial summary judgment will be GRANTED IN PART and DENIED IN PART. With respect to the claim against the City for failure to train its officers properly, the motion will be DENIED. With respect to the claim against the City for failure to institute and have available appropriate policies addressing the conduct of its officers, the motion will be GRANTED and this claim will be DISMISSED WITH PREJUDICE. With respect to Martin's claim for attorney's fees against both the City and Rennier, the motion will be GRANTED and this claim will be DISMISSED WITH PREJUDICE. With respect to the claim for punitive damages against both the City and Rennier, the motion will be GRANTED and this claim will be DISMISSED WITH PREJUDICE.

SIGNED on this $\cancel{15}$ day of June, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE