U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 6 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FOREST C. MARTIN, SR. | CIVIL ACTION NO. 04-2010 |
| -vs- | JUDGE DRELL |
| CITY OF ALEXANDRIA, ET AL. | |

## RULING

Before the court is a motion to strike affidavits and exhibits filed by the plaintiff, Forest C. Martin, Sr. ("Martin") [Doc. #35]. The defendants, the City of Alexandria ("City") and Officer Michael Rennier ("Rennier"), responded in opposition to the motion [Doc. #40]. Martin argues that defendants' Exhibits One and Two in support of their motion for partial summary judgment [Doc. #31] should be stricken and therefore not considered by the court. For the following reasons, the motion to strike will be GRANTED IN PART and DENIED IN PART.

### EXHIBIT ONE

Exhibit One contains an affidavit from Clifford Gatlin ("Gatlin"). From approximately 1990 to 1996, Gatlin was an instructor at the training academy. He was then the assistant director of the Alexandria Regional Police Training Academy from 1996 until 2004. From 2004 to the present time, he has served as the academy's director. In addition, the exhibit contains photocopies of certificates indicating completion of various training courses by Rennier. Finally,

and perhaps most importantly, the exhibit contains a "Training Records Report" which lists records of training courses completed by Rennier.

In essence, Martin argues that because Gatlin does not have personal knowledge of Rennier's completion of the various courses and instead relies on written records indicating his completion, the exhibits are "hearsay, hearsay within hearsay, and are not relevant, are unsworn, or lack proper foundation." Pl.'s Mot. 2.

In the Fifth Circuit, inadmissible hearsay is not appropriate in the arena of summary judgment. "Neither the district court nor this court may properly consider hearsay evidence in affidavits and depositions." Martin v. John W. Stone Oil Distributor, Inc., 819 F.2d 547, 549 (5th Cir. 1987). "Needless to say, unsubstantiated assertions are not competent summary judgment evidence." Abbott v. Equity Group, Inc., 2 F.3d 613, 619 (5th Cir. 1993).

The defendants admit that the records are hearsay, but argue that the records fall into the hearsay exception for records of regularly conducted business activity. FED. R. EVID. 803(6). This exception permits the admission of:

> [a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

2

Id. In considering the affidavit submitted, it is clear to the court that the defendants have failed to provide evidence to permit admission based on this exception.

First, the affidavit does not establish that the data on the report or the certificates is kept in the course of a regularly conducted business activity. In fact, the affidavit says nothing about the collection method.

Second, the affidavit does not state whether collection of this data was a regular practice at the training academy. Instead, the affidavit merely states that the "training records [] are maintained by the Alexandria Regional Police Training Academy." Gatlin Aff. ¶ 4.

Exhibit One is not admissible as a record of regularly conducted business activity under Rule 803(6) of the Federal Rules of Evidence. It is therefore STRICKEN.

### **EXHIBIT TWO**

Exhibit Two contains an affidavit of Lieutenant June Murdock and a copy of the Alexandria Police Department Rules and Regulations Manual. Martin argues that these rules and regulations were not followed. He states that "1) Sgt. Murdock's affidavit only establishes that the City of Alexandria Police Department has a Rules and Regulations Manual. 2) That there are written forms, rules, regulations, codes of ethics, policies and procedures contained in the Alexandria Police Department's Rules and Regulations Manual." Pl.'s Mot. 7.

With respect to the manual, the defendants contend that "[t]his statement by Martin encapsulates the only facts sought to be proven by Lieutenant Murdock's affidavit. No claim has been advanced by the Defendants concerning whether these rules, regulations and policies were followed." Defs.' Mem. Opp. 3. As such, this exhibit is admissible for the limited purpose of demonstrating that there was a manual that contained the department's policies and procedures.

## CONCLUSION

The motion to strike affidavits and exhibits will be GRANTED IN PART and DENIED IN PART. The motion to strike Exhibit One will be GRANTED and therefore this exhibit will be STRICKEN from the record. The motion to strike Exhibit Two will be DENIED.

SIGNED on this 15 day of June, 2006, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE